**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 25-4577**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS SENTELL HOWELL,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Matthew James Maddox, District Judge.  (1:24-cr-00367-MJM-1)

————————

Submitted:  July 23, 2026                                          Decided:  July 27, 2026

————————

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:**  Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.  David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Sentell Howell pled guilty to an information charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Howell to 108 months' imprisonment, the sentence agreed upon by the parties in the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. The district court also imposed a $30,000 fine and a five-year term of supervised release.

On appeal, Howell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning: (1) whether the written criminal judgment includes conditions of supervised release that were not pronounced at sentencing, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); and (2) whether trial counsel rendered ineffective assistance during plea negotiations. Howell was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a brief. We affirm.

"[U]nder *Rogers*, in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). A *Rogers* error typically "involves a discretionary condition in the written judgment that was not mentioned at all during sentencing." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024). "A more challenging version of this error involves some degree of difference between what was pronounced orally and what appears in the later written judgment." *Id.* "In this situation, a material discrepancy

2

between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *Id.* (internal quotation marks omitted).

At sentencing, the district court pronounced that Howell "must submit to substance abuse testing to determine if [he] ha[s] used a prohibited substance." (J.A. 44).[*] The written judgment included that condition but added that Howell "must not attempt to obstruct or tamper with the testing methods." (J.A. 4). We conclude that this addition is not a *Rogers* error because a defendant who has obstructed or tampered with a drug test has not "submitted" to the test.

As for Howell's ineffective assistance claim, such claims "may be raised on direct appeal only where the record conclusively establishes ineffective assistance." *United States v. Perry*, 92 F.4th 500, 517 (4th Cir. 2024) (internal quotation marks omitted). The record before us does not conclusively establish that trial counsel rendered ineffective assistance during plea negotiations. Accordingly, Howell's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Howell, in writing, of the right to petition the Supreme Court of the United States for further review. If Howell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[*] "J.A." refers to the joint appendix filed in this appeal.

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*